IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE L. HALTIWANGER, | No. CIV S-05-2509-GEB-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| PERRY RENIFF, Butte County Sheriff, | |
| Respondent. | |
| _____/ | |

      Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action proceeds on the amended petition filed on January 1, 2006. Pending before the court is respondent's motion to dismiss (Doc. 13), filed on May 1, 2006.

      In his motion, respondent argues that, because petitioner is awaiting sentencing by the state court, the instant petition necessarily does not contain any exhausted claims. Specifically, respondent contends that, until petitioner has been sentenced, the time for him to file a direct appeal in the state courts cannot begin to run and, thus, no state court has had an opportunity to hear his claims on the merits.

The exhaustion of available state remedies is a jurisdictional prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings. See Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. See Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986). Upon review of the instant petition, the court concludes that petitioner has not exhausted state court remedies as to any of his claims, nor can he, because petitioner has not been sentenced. Dismissal of this petition, without prejudice to re-filing when his claims have been exhausted, is appropriate.

Finally, a review of the docket reflects that petitioner filed a second amended petition on May 23, 2006. Because respondent had filed a response to the amended petition before the second amended petition was filed, and because petitioner failed to seek leave of court prior to filing the second amended petitioner, it should be stricken and not considered. See Fed. R. Civ. P. 15. Specifically, the May 23, 2006, filing should not operate to supersede the amended petition filed on January 11, 2006.

Based on the foregoing, the undersigned recommends that:

1. The second amended petition, filed on May 23, 2006, be stricken from the record;

2. Respondent's motion to dismiss be granted;

3. The petition for a writ of habeas corpus be dismissed for failure to exhaust state court remedies; and

4. The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

1 | Findings and Recommendations." Failure to file objections within the specified time may waive
2 | the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3
4 | DATED: May 25, 2006.
5
6 | /s/ Craig M. Kellison
  | **CRAIG M. KELLISON**
7 | UNITED STATES MAGISTRATE JUDGE